UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

IVA MERRITT                                                                                               PLAINTIFF

v.                                                                                                    NO. 3:20-CV-467-CRS

KILOLO KIJAKAZI,
Acting Commissioner of Social Security[1]                                                DEFENDANT

## MEMORANDUM OPINION

This matter is before the court for consideration of the Report and Recommendation (DN 19) of the United States Magistrate Judge in this action seeking judicial review pursuant to 42 U.S.C. § 405(g) of the denial by the Commissioner of Social Security of plaintiff Iva Merritt's claim for a period of disability and disability insurance benefits ("DIB") and for Supplemental Security Income ("SSI").

The matter was referred to the United States Magistrate Judge for findings and recommendation. The magistrate judge conducted a review of the final decision of the Commissioner (DN 10, PageID #67-76), and concluded that substantial evidence supported the findings of Administrative Law Judge ("ALJ") D. Lyndell Pickett and that ALJ Pickett's decision comported with the applicable regulations. The Magistrate Judge recommended that the Commissioner's decision be affirmed. DN 19. Merritt has filed objections to the Magistrate Judge's report which we address below, conducting a de novo review of those portions of the report to which the she objects, in accordance with 28 U.S.C. § 636(b)(1)(C).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rules of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

1. Standard of Review

The Court conducts a de novo review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed a timely and specific written objection. Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1). A district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific; that is, that "pinpoint those portions of the magistrate's report that the district court must specifically consider," are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.' *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services,* 932 F.2d 505, 509 (6th Cir. 1991))." *Arroyo v. Comm'r of Soc. Sec.*, No. 14-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016).

In reviewing the ALJ's findings, the Court must determine whether those findings are supported by substantial evidence and made pursuant to proper legal standards and nothing more. *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008)(internal quotation marks omitted). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions

of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)(internal citations omitted).

2. Analysis

Merritt was fifty-three years old at the time she protectively filed her application for disability benefits. She lives independently in a shared living home and has a high school education. Hearing Transcript, DN 10, PageID #99. She has past relevant work experience as a cashier, meat clerk, produce clerk and companion. ALJ Decision, DN 10, PageID #74. Merritt alleged that she became disabled on November 14, 2016. She protectively filed applications for benefits on April 10, 2017. Her claims for benefits were initially denied in August 2017 and upon reconsideration in January 2018. Merritt requested and was given a hearing before the ALJ on April 11, 2019 at which time she appeared, represented by counsel, and gave testimony. Testimony was also taken from an impartial vocational expert who appeared at the hearing. On June 27, 2019, the ALJ issued a written opinion evaluating the evidence under the required 5-step process and concluding that

> Based on the application for a period of disability and disability insurance benefits protectively filed on April 10, 2017, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act.
>
> Based on the application for supplemental security income filed on April 10, 2017, the claimant is not disabled under section 1614(a)(3)(A) of the Social Security Act.

DN 10, p. 10, PageID # 76. The Appeals Council denied Merritt's request for review in May 2020, rendering the ALJ's decision the final decision of the Commissioner subject to review by this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c).

We need not recount the ALJ's entire analysis here, as it is described in detail in the Magistrate Judge's report. Instead, we focus on specific errors allegedly made by the Magistrate Judge in her review of ALJ Pickett's decision.

At the outset of her objections, Merritt aptly notes "This is a disabling pain case." DN 20. P. 1. The Magistrate Judge addressed her contentions that the ALJ erred in determining her Residual Functional Capacity ("RFC") by failing to provide a sufficient narrative discussion of her capability to perform sustained work, in evaluating her pain, in addressing a third-party function report, and in considering medical opinion evidence. DN 19, p. 5, *et seq*. She contends in her objections that the Magistrate Judge's report is deficient because he accepted the ALJ's decision as being based upon a review of the record as a whole and upon substantial evidence sufficiently explained. Merritt again asserts that the ALJ failed to thoroughly address her activities of daily living and the physical effects of her work on her level of pain. Merritt reiterates that her worsening condition and its resulting pain were not adequately explored and were not taken into account in the ALJ's determination that she was capable of performing past relevant work, and in determining that there are other jobs that exist in significant numbers in the national economy that she could also perform, given her age, education, work experience, and RFC. (*see* ALJ Decision DN 10, PageID #s74-75). Merritt has not identified specific errors in the Magistrate Judge's review and conclusions, but rather contends that the Magistrate Judge erred in failing to consider the evidence as she suggests it should be viewed.

The ALJ found that Merritt has the severe impairments of "degenerative disc disease, arthropathies, chronic obstructive pulmonary disease (COPD), carpal tunnel syndrome, fracture of upper extremities, and neuropathy (20 CFR 404.1520(c) and 416.920(c)" and that '[t]he above medically determinable impairments significantly limit the ability to perform basic work activities

-4-

as required by SSR 85-28."  DN 10, PageID # 70.  Merritt does not object to this finding.  Her allegations of error in the ALJ's decision are limited to the evaluation of these severe impairments at Step Five in determining her RFC.

The ALJ concluded that

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except frequent, not constant handling, fingering or feeling with the right dominant hand.  She can perform occasional overhead reaching bilaterally.  She can tolerate occasional exposure to vibrations and fumes, odors, dusts, gases, and poor ventilation.

DN 10, PageID # 71.

In determining Merritt's Residual Functional Capacity, the ALJ was required to base his finding on a review of the record as a whole, including Merritt's credible testimony and the opinions from Merritt's medical sources.  20 CFR §§ 404.1545.(a)(1), 416.945(a)(1).

The Magistrate Judge described in great detail the narrative discussion provided by ALJ Pickett in reaching his determination of Merritt's RFC.  DN 19, pp. 6-13.  He considered and rejected Merritt's contention that the ALJ failed to consider the record as a whole and take into account whatever fairly detracts from its weight.  Finding that the ALJ cited Merritt's own testimony, several reports in the record, portions of her medical records, and the medical opinion evidence, the Magistrate Judge noted that it was not necessary for the ALJ to discuss all relevant medical evidence as long as it was clear that he considered the evidence.  *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006).  The Magistrate Judge determined that the ALJ's analysis evidenced a consideration of the record as a whole, not selected portions as Merritt suggests.  The Magistrate Judge noted that the ALJ discussed the record evidence and Merritt's testimony at the hearing, and reached determination of Merritt's RFC after carefully evaluating of the evidence.  He indicated that the ALJ

> generalized that [Merritt's] physical examinations were "largely normal" throughout early 2018 except for sacroiliac tenderness and complaints of chronic pain. (*Id.* at 25 (citing *id.* at 554, 565, 582, 592, 701, 714-15).) He noted that in April 2018, Merritt demonstrated steady gait and a full range of motion in her shoulders and arms.[] (*Id.* at 25 (citing *id.* at 755).) He cited that imaging in April 2018 demonstrated mild lumbar degenerative changes but that Merritt told her physician that non-opioid medication managed her pain adequately. (*Id.* at 25 (citing *id.* at 759, 778).) He noted that she attended physical therapy from May to June 2018. (*Id.* at 25 (citing *id.* at 597-642).) He recounted that Merritt received right carpal tunnel injections in March and June 2018 and that as of the latter date her physician reported no thenar atrophy, no CMC grind or tenderness, negative Carpal Tinel's, and negative compression. (*Id.* at 25 (citing *id.* at 656, 662-63).) She also had positive cervical tenderness and spasms and decreased cervical range of motion; however, her gait and strength were normal. (*Id.* at 25 (citing *id.* at 779).) The ALJ summarized that as of September 2018, Merritt was experiencing pain that was likely related to fact joint arthropathy and that imaging in November 2018 demonstrated worsening cervical degenerative changes. (*Id.* at 25 (citing *id.* at 770, 795).) He also noted that a December 2019 neurodiagnostic study was abnormal and showed mild right carpal tunnel syndrome and mild left cervical radiculopathy as well as acute/active denervation. (*Id.* at 25 (citing *id.* at 875).)

DN 19, pp. 8-9, PageID #s 976-77.

The Magistrate Judge also revisited the ALJ's analysis of the medical opinion evidence. The Magistrate Judge related the various determinations by treating physicians who released Merritt to regular duty without restrictions and state agency medical consultants who found that Merritt was capable of a full range of medium work. Noting more recent medical evidence, the ALJ concluded that these opinions were only somewhat persuasive because the ALJ believed her to be more limited that these opinions suggest. The Magistrate Judge's report indicates the evaluation of the full range of evidence in the record:

> To the extent that Merritt challenged the ALJ's generalizations or summations of the record, such as his conclusion that the physical examination findings were "largely normal," the undersigned finds Merritt's arguments unavailing. An examination of the records, including those cited by the ALJ, substantiates that his RFC determination is based on substantial evidence and not a parsed review or incorrect generalizations regarding the record. After fracturing her left ulna in April 2016, by July 22, 2016, Merritt was released from any work restrictions. (R. at 398, 484, 504.) Despite her complaints, she was again released by various providers, including orthopedic surgeon Dr. Moss, to regular duty without restriction on November 17, 2017; February 27, 2018; March 16, 2018; April 16, 2018; June 22, 2018; and August 17, 2018. (*Id.* at 551-52, 582, 649, 661, 667, 683, 690, 696.) Despite her diagnoses of carpal tunnel

> syndrome and degenerative disc disease (*id.* at 361, 412, 451, 464, 467, 564, 644, 705, 716, 720, 720, 759, 761, 770, 778, 875), the record contains findings of Merritt presenting for examination in no acute distress (*id.* at 401, 421, 430, 465, 469, 472, 565, 645, 651, 657, 663, 701, 709, 714, 718, 722, 779, 784, 789, 794); with normal movement of her extremities (*id.* at 465, 565); normal or full range of motion (*id.* at 401, 430, 535, 538, 542, 582, 592, 652); normal or steady gait (*id.* at 430, 535, 538, 542, 701, 710, 715, 719, 755, 779, 784, 789, 794); or other normal findings regarding her muscle strength, reflexes, etc. (*id.* at 550, 552, 554, 592, 710, 715, 779, 784, 789, 794). These findings are consistent with the opinion evidence cited by the ALJ regarding to what extent her conditions affect Merritt's functional limitations. Merritt cited to no evidence that any provider ever placed functional limitations on her that had not been released as of the date of the ALJ's decision or that were greater than those placed upon her by the ALJ. Thus, the undersigned finds that Merritt's attempts to point to abnormal findings in the record do not undermine the ALJ's decision. Merritt's arguments regarding the ALJ's RFC determination and the records on which she relies amount to nothing more than an attempt to point to substantial evidence in the record that supports a conclusion opposite the one reach by the ALJ. The Court is not permitted to engage in this inquiry. *See Gayheart*, 710 F.3d at 374; *Smith*, 893 F.2d at 108; *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (noting that "[a]s long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, we are not to second-guess," and reversal is not "warranted even if substantial evidence would support the opposite conclusion").

DN 19, pp. 12-13, PageID #s 980-81.

The Magistrate Judge found that the ALJ's narrative discussion of the evidence was sufficient to meet the requirements of SSR 96-8p. This Court agrees and finds no error in the Magistrate Judge's findings. Merritt has not alleged specific error in the report beyond reiterating the arguments made in her Fact and Law Summary which were rejected by the Magistrate Judge. It is well settled with regard to this and other findings by the ALJ that "an administrative law judge's decision may be supported by substantial evidence 'even if that evidence could support a decision the other way.'" DN 27, pp. 12-13, PageID #1990-91, *quoting Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1233 (6th Cir. 1993). "This is so because there is a 'zone of choice' within which the Commissioner can act, without fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

This principle is equally applicable to Merritt's contention that the ALJ improperly discounted her testimony concerning the extent of her limitations and pain. Indeed, she began by acknowledging "this is a disabling pain case."

First, we note that Merritt has repeatedly reminded the Court that the ALJ is tasked with considering the record as a whole, yet she argues that the ALJ erred in reciting the activities of daily living provided by her in function reports submitted at the inception of the case. The ALJ considered, along with this documentary evidence, her reports of limitations and pain provided to her caregivers and in her testimony at the hearing.

In addressing Merritt's claim of disabling pain, the Magistrate Judge indicated that the term "credibility" is no longer used by the regulations, but instead focuses on a claimant's statement that he or she is experiencing pain or other symptoms. These statement will not, taken alone, establish that he or she is disabled. There must be medical signs and laboratory findings that show the existence of a medical impairment that could reasonably be expected to give rise to the pain and/or other symptoms alleged. 20 C.F.R. §§ 404.1529(a), 416.929(a). If the ALJ finds that there is a medically determinable impairment that could reasonably be expected to produce the claimant's symptoms, the ALJ must then assess the intensity and persistence of a claimant's symptoms to determine how those symptoms limit the claimant's capacity for work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). In doing so, the ALJ should consider a number of factors including a claimant's daily activities, effectiveness of any medication taken to relieve symptoms, and any side effects of that medication. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citing 20 C.F.R. § 416.929)

The Magistrate Judge summarized the ALJ's evaluation of the evidence concerning Merritt's assertions of disabling pain:

> As noted above, the ALJ cited to function reports in the record and determined that Merritt's level of activity was inconsistent with her subjective complaints. (R. at 24.) Merritt argued that the ALJ's reliance on the function reports in the record as opposed

-8-

> to asking questions regarding her daily activities at the hearing was in error. (DN 12, at PageID # 933.) However, Merritt cited no authority to support that this was error except SSR 96-8p, which, as explained above, addresses the requirement that an ALJ provide a narrative discussion to support his or her determination of a claimant's RFC. Merritt provided no citation to the portion of the ruling that supported her claim. Merritt likewise cited no examples of how her hearing testimony was inconsistent with the function reports relied upon by the ALJ. At the hearing, her attorney indicated in his opening statement that Merritt has "a difficult time with her [activities of daily living]." (R. at 38.) In response to the ALJ's questions, she indicated that she works fifteen to eighteen hours per week as a cashier and works either four-hour or six-hour shifts. (*Id.* at 41.) She testified that she lifts five to ten pounds and is on her feet but stands on a rubber mat, which helps. (*Id.* at 42.) In response to questioning from her attorney, she testified that her shifts make her tired, she "do[es] everything a lot slower," and it "[t]akes [her] a lot longer to do simple things." (*Id.* at 43-44.) She indicated that she "drop[s] things constantly" and has to take breaks when doing tasks requiring fine manipulation, like writing a letter. (*Id.* at 49-50.) She testified that she is not capable of holding or squeezing very much or lifting greater than 15 lbs. (*Id.* at 50.) In response to questioning from her attorney regarding her daily activities, she stated that "what [she] used to could [*sic*] do in one day, might take [her] two weeks" and that she doesn't like to and is afraid to drive given her limitations. (*Id.* at 51-52.)
>
> While the ALJ did not explicitly cite to the hearing transcript in his decision, he did cite her testimony that "[s]he was not good at fine manipulation, dropped things, had limited strength in the left arm, and could lift 15 pounds at most." (*Id.* at 24.) He also relied on the function reports in the record in which Merritt reported being able to take care of her cat, prepare simple meals, do light chores (e.g. sweeping, dusting, making the bed), drive, shop, manage finances, read, watch TV, write, play handheld and video games, go to the library, and use the telephone. (*Id.* (citing *id* at 261-68, 279-86, 301-09).) A review of the reports cited by the ALJ demonstrates that Merritt likewise indicated therein that she "take[s] [her] time doing whatever [she] may need to," has to go about her personal care slow, takes frequent breaks, shopping takes hours, and dressing "take[s] much longer than it used to." (*Id.* at 262, 264, 280, 302.) Accordingly, to the extent Merritt attempts to argue that her hearing testimony supported greater limitations in her activities of daily living than indicated in her function reports, the undersigned finds this unsupported by the comparison of the two. The undersigned finds that ALJ's decision does not misrepresent either the testimony or evidence of record regarding her daily activities.
>
> Ultimately, the ALJ concluded that Merritt's testimony regarding her limitations and her activities of daily living were inconsistent and that "[t]hese inconsistencies do little to support her allegations of disabling symptoms." (*Id.* at 24.) Based on the evidence above, the undersigned finds no error in this conclusion. Merritt has likewise failed to demonstrate that the same does not comport with the applicable regulations.

DN 19, pp. 14-16, PageID #s 982-984.

Merritt argues that ALJ Pickett's decision concerning her disabling symptoms and pain was not supported by substantial evidence. In objection to the Magistrate Judge's report, she attempts to repackage the same arguments made in her Fact and Law Summary. She again argues that the objective evidence indicates that her conditioned worsened between 2017 and 2018. The ALJ acknowledged that fact. She relies heavily on the fact that she reports increased pain from working as a cashier 15 to 18 hours per week which she reported to her physical therapist and her report to the ALJ that she comes home from work exhausted, moves more slowly and soaks in a Epsom salts bath for relief. However, the ALJ determined that Merritt has not shown she is disabled as a result of her worsened condition in light of her activities of daily living and her testimony. This determination is within the zone of choice of the ALJ. As it is supported by substantial evidence in the record, the Court may not disturb this finding. Merritt has not identified record evidence that contradicts the ALJ's conclusion that her symptoms and pain were not disabling. The claimant always bears the burden of proving lack of Residual Functional Capacity. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999). Merritt has not identified error in the Magistrate Judges' determination and we find none.

As a result of the conclusion that there was no error in the ALJ's determination of Merritt's RFC, there is no error in the remaining finding that a significant number of jobs exist in the national economy that Merritt can perform based upon that RFC. The Magistrate Judge addressed Merritt's arguments concerning the identification of existing jobs by the vocational examiner, ultimately, and correctly, concluding that the evidence supports her ability to work in the position of garment sorter. We agree that there is no error at Step Five.

3. Conclusion

Review of the ALJ's decision and the Magistrate Judge's report satisfies the Court that the Magistrate Judge thoroughly considered and addressed all of Merritt's arguments. We find no error in the Magistrate Judge's analysis and conclusions regarding these arguments. For these reasons, this Court concludes that Magistrate Judge's report was correct in concluding that the ALJ's decision is supported by substantial evidence. Merritt's objections to the Magistrate Judge's report are without merit and will be overruled. The Magistrate Judge's report will be accepted and adopted in its entirety. A separate order and judgement will be entered this date in accordance with this opinion.

March 17, 2022

Charles R. Simpson III, Senior Judge
United States District Court

**IT IS SO ORDERED.**